IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY A. JONES,

    Plaintiff,                    No. 2:13-cv-0451 AC P

    vs.

P. KUPPINGER, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 4.

        When the complaint was filed, plaintiff neither submitted an in forma pauperis affidavit nor paid the filing fee. The court provided plaintiff thirty days to request authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis or to pay the filing fee. ECF No. 3. Plaintiff has now submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee

in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## THE COMPLAINT

In the body of the complaint, under the heading "Parties," plaintiff identifies only "Correctional Guard" Kuppinger as a defendant. Complaint, ECF No. 1 at 5. In the caption, plaintiff lists the following defendants: Kuppinger, Lincoln, M. Gomez, Warden Tim Virga, V. Vitale, G. Moore and K. Daly. Id. at 1, 3.

Plaintiff alleges that he is a participant in the Enhanced Outpatient Program (EOP) at California State Prison-Sacramento (CSP-Sac). On or about May 12, 2013, plaintiff was placed in administrative segregation pending investigation. The cell was soiled with feces and plaintiff could not breathe. When he asked the staff if he could move, "all defendant[s] did noth[ing]." Plaintiff boarded up his windows and began ripping up sheets. An hour later, he called an unidentified woman to his window and told her he was suicidal. The woman called to staff that plaintiff was suicidal, but defendant Kuppinger told her plaintiff was "just playing." Everyone left and plaintiff began tying a noose and cutting himself. Thirty minutes later defendant Moore knocked on plaintiff's window, plaintiff removed the paper, and defendant Moore pushed the alarm. Kuppinger and other unidentified officers responded and placed plaintiff in handcuffs and leg restraints. Kuppinger pushed plaintiff around, then knocked his legs out from under him. Kuppinger and two other guards beat plaintiff, including punching him in the face and twisting his feet. Defendant Moore looked on during the assault and failed to

respond to plaintiff's cries of pain.  ECF No. 1 at 6-7.

## EIGHTH AMENDMENT – EXCESSIVE FORCE

The unnecessary and wanton infliction of pain on prisoners violates the Eighth Amendment.  Ingraham v. Wright, 430 U.S. 651, 670 (1977).  Prison officials therefore violate the Eighth Amendment by using force that exceeds what is necessary to maintain or restore discipline, with malice or sadistically to cause harm.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  This "malicious and sadistic" standard applies when force is used in the context of an immediate disciplinary need or other emergency.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).  Force used in a non-emergency situation violates the Eighth Amendment if it is used with deliberate indifference to inmate safety.  Jeffers v. Gomez, 267 F.3d 895, 913 (9th Cir. 2001) (per curiam).  A prison official is deliberately indifferent to a substantial risk of serious harm to inmates if that official is subjectively aware of the risk and does nothing to prevent the resulting harm.  Id. (citing Farmer v. Brennan, 511 U.S. 825, 828-29 (1994)).

Plaintiff's allegations state a claim for excessive use of force against defendants Kuppinger and Moore.  Plaintiff does not identify the other guards who participated in the alleged assault, or specify how any of the other named defendants participated in the use of excessive force.  Plaintiff must link the actions of each defendant to the alleged constitutional deprivation he claims to have suffered.  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  For this reason, any claim of an Eighth Amendment excessive force violation by any defendant other than Kuppinger and Moore must be dismissed.  Plaintiff will be granted leave to amend.

////

////

EIGHTH AMENDMENT –

DELIBERATE INDIFFERENCE TO MEDICAL NEED

In order to state an Eighth Amendment claim based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson, 503 U.S. at 5.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Risk of suicide is a serious medical need for Eighth Amendment purposes. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1241 (9th Cir. 2010).

In Farmer v. Brennan, the Supreme Court established a very demanding standard for "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S. at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient to establish an Eighth Amendment violation. Id. at 836-37. It not enough that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal citation omitted) (emphasis added).

A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d at 1060. In summary, "the more serious the

5

medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." Id. at 1061.

The allegations of the complaint state a claim for deliberate indifference to a serious medical need against defendant Kuppinger. Construed liberally, the complaint alleges that Kuppinger knew plaintiff was suicidal but ignored the known risk, and then tried to dissuade other staff from providing assistance. Plaintiff has not, however, alleged facts supporting a claim of deliberate indifference to suicide risk against any other defendants. Accordingly, plaintiff's claims of deliberate indifference to his medical state must be dismissed as to all defendants other than defendant Kuppinger. Plaintiff will be granted leave to amend.

## OTHER ISSUES

Defendant Virga appears to have been named largely in his capacity as warden. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). As plaintiff has been informed, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson, 588 F.2d at 743.

Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, when a named defendant holds a supervisorial position, the causal link

6

1 between him and the claimed constitutional violation must be specifically alleged.  See Fayle v.
2 Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
3 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the
4 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board
5 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Because plaintiff has not alleged that Virga
6 participated either in the alleged assault or in the failure to respond to plaintiff's suicide attempt,
7 any Eighth Amendment claims against him must be dismissed.  Plaintiff will be granted leave to
8 amend.

        Plaintiff also evidently seeks to implicate defendants Virga and K. Daly for their
10 involvement in the prison grievance procedure, with which plaintiff is dissatisfied.  ECF No. 1 at
11 8 and exhibits.  However, prisoners do not have a "separate constitutional entitlement to a
12 specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003),
13 citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the
14 failure of prison officials to properly implement, an administrative appeals process within the
15 prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d at 640.  See
16 also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir.
17 1991).  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance
18 procedure is a procedural right only, it does not confer any substantive right upon the inmates.
19 Hence, it does not give rise to a protected liberty interest requiring the procedural protections
20 envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does
21 not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty
22 interest protected by the Due Process Clause of the federal constitution only if those regulations
23 pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate
24 in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).
25 Plaintiff's due process claims against defendants Virga and Daly accordingly will be dismissed.
26         Because none of the allegations of the complaint link defendants Lincoln, Gomez

or Vitale to any of the claimed constitutional violations, they will be dismissed with leave to amend.

## AMENDMENT

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint supercedes the original complaint and renders it without legal effect. . . .") Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3. Plaintiff's claims against defendants Virga, Daly, Lincoln, Gomez and Vitale, as well as any claim for deliberate indifference to a serious medical condition by defendant Moore, are dismissed for the reasons discussed above.

4. Plaintiff is granted leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in the action proceeding only against defendants Kuppinger and Moore on the excessive force claim, and against Kuppinger on the claim of deliberate indifference to a serious medical condition.

5. Upon filing an amended complaint or expiration of the time allowed for amendment, the court will make further orders for service of process upon some or all of the defendants.

DATED: June 21, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
jone0451.b1