UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, | No. 2:13-cv-0451 AC P |
| Plaintiff, | |
| v. | <u>ORDER</u> and |
| P. KUPPINGER, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. Pending before the court are: (1) defendant Kuppinger's January 27, 2014 motion to revoke plaintiff's in forma pauperis status and stay proceedings, ECF No. 18, which defendant Moore[1] joined on March 17, 2014, ECF No. 24; (2) defendant's motion to strike Exhibit B in opposition to motion to revoke IFP status, ECF No. 22; (3) defendant's motion to strike plaintiff's "unauthorized" surreply, ECF No. 27; (4) defendants' motion to strike defendants' memorandum of points and authorities in support, or in the alternative, reply, ECF No. 28; and (5) plaintiff's motion for leave to file a second amended complaint and proposed second amended complaint (ECF No. 29).

---

[1] A waiver of service of summons on behalf of defendant Moore was dated as signed on January 29, 2014 and was filed in this court on February 3, 2014. ECF No. 20.

1

I.      Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status

Defendants move to revoke plaintiff's in forma pauperis status, contending that plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g).

A. Standards Governing Revocation of IFP Status

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). Id.

In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal.  This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted).  "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

B.  Plaintiff's Opposition and Withdrawal of Opposition

Plaintiff timely filed an opposition to the motion to revoke IFP status.  ECF No. 21.  Following defendants' reply, plaintiff filed a memorandum of points and authorities in further support of his opposition . ECF No. 25.  Defendants moved to strike portions of plaintiff's opposition, and his "unauthorized surreply." ECF Nos. 22, 27.

On May 5, 2014, plaintiff filed a notice of withdrawal of his opposition to the motion to revoke IFP status.  ECF No. 31.  Plaintiff indicates his non-opposition to an order that he pay the filing fee, and emphasizes his interest in "preserving these proceedings." Id.  Because plaintiff has withdrawn his opposition to the motion, defendants' motions to strike documents related to the opposition are now moot.

Notwithstanding plaintiff's withdrawal of opposition, the court must determine whether or not plaintiff is in fact subject to the three-strikes bar of § 1915(g).

C.  Plaintiff's Previous Dismissals

Defendants contend that the following three cases constitute strikes.  Defendants' request for judicial notice of these proceedings is granted. [2]  The court notes that in his abandoned opposition, plaintiff contended that the PACER report submitted by defendant to establish plaintiff's litigation history included cases that were not brought by plaintiff.  Plaintiff has never

---

[2] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

disputed, however, that he was he plaintiff in the following three cases.

          1.   Jones v. Waiser, No. [6:]04-3148-cv-S-RED-P (W.D. Mo.)

On May 7, 2004, the Western District of Missouri screened out plaintiff's complaint, brought as a federal prisoner pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,403 U.S. 388 (1971).[3]  The court dismissed plaintiff's claims against the defendant in his individual capacity with prejudice "for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). . . ."  ECF No. 19, Exhibit B-2 at 13; id., Ex. B-3 at 15.  The court also dismissed any official capacity claim against the defendant "without prejudice, for failure to exhaust administrative remedies under the FTCA."[4]  Id.  Within the order, the U.S. District Judge Richard E. Dorr stated plainly: "[p]laintiff is cautioned that this dismissal will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g)(1996)."  Ex. B-2 at 12.  Plaintiff's subsequent motions for reconsideration and to correct legal status were denied.  Ex. B-1at 7.

          2.   Jones v. Macher, No. 1:05-cv-0257-OWW-SMS (E.D. Cal.)

In this action, brought pursuant to § 1983, plaintiff's first amended complaint was dismissed with prejudice for failure to state a claim.  ECF No. 19, Ex. C-1 at 59-60; id., Ex. C-2; Ex. C-3 at 33 ("The action IS DISMISSED with prejudice for failure to state a claim upon which relief may be granted.")  The case was closed on May 26, 2005.  Ex. C-1 at 19.

          3.   Jones v. Milligan, No. 1:05-cv-00307-SMS (E.D. Cal.)

Defendants produce records showing that judgment in this Bivens action brought by plaintiff issued on October 17, 2008 for failure to state a claim.  ECF No. 19, Exs. D-2, D-3.  The court, upon screening plaintiff's first amended complaint, in its order of dismissal concludes: "The Court finds that Plaintiff has failed to state a claim against any of the named defendants.  Accordingly, it is HEREBY ORDERED that this entire action be dismissed with prejudice."  Ex. D-2 at 47.  The docket reveals that the subsequent appeal to the Ninth Circuit was dismissed

---

[3] Bivens provides a cause of action for federal prisoners analogous to 42 U.S.C. § 1983.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009).

[4] Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq.

voluntarily.  Ex. D-1 at 39.

      D.      <u>Discussion</u>

           1.  <u>Strike One</u>

<u>Jones v. Waiser</u>, No. [6:]04-3148-cv-S-RED-P (W.D. Mo.), indisputably constitutes a strike.  It is the law of the Circuit that disposition of an in forma pauperis complaint on grounds that the complaint fails to state a claim under 28 U.S.C. § 1915A,[5] 28 U.S.C. § 1915(e)(2)(B)[6] or 42 U.S.C. § 1997e(c)[7] constitutes both a dismissal and a strike within the meaning of § 1915(g).  <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir.2000) (three dismissals under § 1915(e)(2) result in disqualification from IFP status pursuant to § 1915(g)).  <u>Jones v. Waiser</u> was dismissed for failure to state a claim with citation to both 28 U.S.C. § 1915A(b)(1) *and* 28 U.S.C. § 1915(e)(2)(B)(ii).  Moreover, the court expressly ruled that its dismissal constituted a strike.  Accordingly, Case No. 04-3148-cv-S-RED-P (W.D. Mo.) must be counted as a strike.

////

---

[5] 28 U.S.C. § 1915A states, in pertinent part:
"(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief."

[6] Under 28 U.S.C. § 1915(e)(2)(b),"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--…
(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[7] In full, 42 U.S.C. § 1997e(c) "Dismissal" states:
"(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.
(2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."

### 2. Strike Two

Jones v. Macher, No. 1:05-cv-0257-OWW-SMS (E.D. Cal.), was dismissed with prejudice for failure to state a claim. The dismissal followed amendment which failed to cure the deficiencies of the claims. The district court evaluated the factual allegations and found them legally inadequate to state any claim for relief. ECF No. 19, Ex. C-2, C-3. Pursuant to the court's review of the order dismissing this case, the undersigned finds that Case No. 1:05-cv-0257-OWW-SMS (E.D. Cal.) qualifies as a strike. Andrews, 398 F.3d at 1121 (a prior dismissal qualifies as a strikes when, upon review of the order of dismissal and other relevant information, the court determines that an action has been dismissed because it was found to be frivolous, malicious or to have failed to state a claim).

### 3. Strike Three

Jones v. Milligan, No. 1:05-cv-00307-SMS (E.D. Cal.), was also dismissed with prejudice on the express grounds of failure to state a claim. The court evaluated the allegations of the complaint and found that they failed to state a legally viable claim for relief against any defendant. ECF No. 19, Ex. D-2. Having reviewed the order of dismissal, the undersigned finds that this case also qualifies as a strike.

In his abandoned opposition, plaintiff represented that he had at some point paid the filing fee in this case.[8] Plaintiff's exhibits appear to demonstrate that the filing fee was paid in by installments (per the prisoner in forma pauperis process) prior to the dismissal of the action. However, whether and at what point plaintiff paid the filing fee has no bearing on whether the dismissal was for reasons that qualify it as a strike. The plain language of the dismissal order demonstrates that the dismissal of Case No. 1:05-cv-00307-SMS (E.D. Cal.) constitutes a strike.

### 4. Imminent Danger Exception

Under the Prison Litigation Reform Act (as amended in 1996) (PLRA), prisoners who have had three complaints dismissed as frivolous or malicious, or for failure to state a claim, are barred from filing additional in forma pauperis complaints unless they are "under imminent

---

[8] The unauthenticated documents plaintiff submits to support this claim are the subject of defendants motion to strike, which is moot for the reasons explained above.

danger of serious physical injury." 28 U.S.C. § 1915(g); Lopez v. Smith, 203 F.3d at 1129. To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir.2007).

Plaintiff alleged in his original complaint that he was a participant in the Enhanced Outpatient Program (EOP) at California State Prison-Sacramento (CSP-Sac) and that on or about May 12, 2011, he was placed in administrative segregation pending an investigation. Complaint at 6. The court has previously summarized the allegations of the initial complaint as follows:

> The cell [in which he was placed] was soiled with feces and plaintiff could not breathe. When he asked the staff if he could move, "all defendant[s] did noth[ing]." Plaintiff boarded up his windows and began ripping up sheets. An hour later, he called an unidentified woman to his window and told her he was suicidal. The woman called to staff that plaintiff was suicidal, but defendant Kuppinger told her plaintiff was "just playing." Everyone left and plaintiff began tying a noose and cutting himself. Thirty minutes later defendant Moore knocked on plaintiff's window, plaintiff removed the paper, and defendant Moore pushed the alarm. Kuppinger and other unidentified officers responded and placed plaintiff in handcuffs and leg restraints. Kuppinger pushed plaintiff around, then knocked his legs out from under him. Kuppinger and two other guards beat plaintiff, including punching him in the face and twisting his feet. Defendant Moore looked on during the assault and failed to respond to plaintiff's cries of pain. ECF No. 1 at 6-7.

Order, filed on June 21, 2013, ECF No. 6 at 3-4.

The instant action was filed on March 6, 2013, nearly two years after the events giving rise to plaintiff's claims. The allegations of the complaint involved past events only. Plaintiff did not allege that he remained housed under the conditions complained of, or remained subject to or threatened with ongoing abuse by defendants. In order for plaintiff to qualify for the exception, the alleged danger must be imminent or ongoing at the time of filing. Andrews v. Cervantes, 493 F.3d at 1056. Because plaintiff did not so allege, the imminent danger exception does not apply. The motion to revoke plaintiff's IFP status therefore should be granted.

II. Status Of Motion To Amend Complaint

Defendants have proposed a stay of proceedings pending final resolution of plaintiff's in forma pauperis status. While a formal stay is unnecessary, the court finds good cause to defer

briefing and disposition of plaintiff's pending motion for leave to amend to file a second amended complaint.

Accordingly, IT IS ORDERED that:

1. Defendants' request for judicial notice of documents (ECF No. 19) in support of their motion to revoke IFP is granted;
2. Until such time as plaintiff's in forma pauperis status has been resolved by the district judge to be assigned to this case, briefing of plaintiff's May 5, 2014 motion for leave to file a second amended complaint (ECF Nos. 29) is suspended. Defendants are relieved of the obligation to oppose the motion at this time, and a briefing schedule will be set following final determination of plaintiff's filing status.
3. The Clerk is directed to randomly assign a district judge to this case.

IT IS RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in pauperis status on the ground that plaintiff is barred from proceeding in forma pauperis by the three-strikes provision of 28 U.S.C. § 1915(g) be granted;
2. Plaintiff be required to pay the $350.00 filing fee in full within thirty days of the adoption of these findings and recommendations, failing which the case be dismissed.
3. Defendant's motions to strike certain of plaintiff's filings (ECF Nos. 22, 27, 28) be denied as moot in light of plaintiff's notice of withdrawal of his opposition to defendants' motion (ECF No. 31).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

1  parties are advised that failure to file objections within the specified time may waive the right to
2  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: May 16, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE