UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, | No. 2:13-cv-0451 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| P. KUPPINGER, et al., | |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983, on his First Amended Complaint filed July 3, 2013. ECF No. 9. By order filed June 27, 2014, plaintiff was determined to be a three-strikes litigant under 28 U.S.C. § 1915(g), and directed to submit the filing fee as a prerequisite to proceeding with this action. <u>See</u> ECF Nos. 37, 34. Plaintiff paid the filing fee. Thereafter, this court directed defendants to respond to plaintiff's outstanding motion for leave to file a Second Amended Complaint. <u>See</u> ECF Nos. 29, 40. Defendants now move to strike plaintiff's First Amended Complaint because it lacks plaintiff's signature and, in the alternative, oppose plaintiff's motion for leave to file a Second Amended Complaint. ECF No. 43. Plaintiff responded by re-submitting the last page of his First Amended Complaint, with a signed declaration dated September 20, 2014. ECF No. 44. Plaintiff also filed a "motion" requesting that a settlement conference be scheduled in this action. ECF

1

No. 45.

For the reasons that follow, this action will now proceed on plaintiff's Second Amended Complaint against defendants Kuppinger and Moore.

II. Defendants' Motion to Strike Plaintiff's First Amended Complaint

The court finds that plaintiff's belated signature on the ninth page of his First Amended Complaint (cf. ECF No. 44 at 1 with ECF No. 9 at 9) is adequate to meet the certification requirements of Rule 11, Federal Rules of Civil Procedure, and Local Rule 131(b). Therefore, defendants' motion to strike plaintiff's First Amended Complaint is denied.

When this court screened plaintiff's First Amended Complaint (FAC) pursuant to 28 U.S.C. § 1915A, the court found that it stated the following Eighth Amendment claims: (1) deliberate indifference to a serious medical need against defendant Kuppinger; and (2) excessive force against defendants Kuppinger and Moore. ECF No. 11 at 1. The court dismissed defendants Lincoln, Vitale, Gomez, Daly and Virga for failure to state a claim. Id. at 2.

III. Plaintiff's Motion for Leave to File his Proposed Second Amended Complaint

In his motion for leave to file his proposed Second Amended Complaint (SAC), plaintiff states that his FAC is "[d]efective in that the plaintiff['s] legal assistant is a jailhouse [lawyer who] committed a clerical error by not stating a claim on Defendant[]s Tim [] Virga, S. Lincoln, M. Gomez and John Does 1 Th[r]ough 10 [sic]." ECF No. 29 at 1. Plaintiff asks the court to review and authorize his proposed Second Amended Complaint. Defendants oppose plaintiff's motion.

A court should freely grant leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1130, 1131 (9th Cir. 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). Facts alleged in an amended complaint "must not be inconsistent with those already alleged." Lacey v. Maricopa County, 693 F.3d 896, 939 (9th Cir. 2012) (en banc). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not

2

sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay. Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).

Plaintiff's proposed SAC comes within these legal parameters. The factual allegations of the SAC against defendants Kuppinger and Moore are generally consistent with those in plaintiff's FAC, and more clearly articulate the cognizable claims against these defendants. These factors demonstrate that amendment is neither futile nor prejudicial, and there is no indication that amendment is sought in bad faith. Accordingly, plaintiff's motion for leave to file his proposed SAC is granted.

IV.  Screening of Second Amended Complaint Pursuant to 28 U.S.C. § 1915A

As previously noted in this action, this court is required to screen complaints brought by prisoners seeking relief against governmental entities, officers or employees. 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally frivolous or malicious, fail to state a claim upon, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Screening of plaintiff's SAC demonstrates that it, like plaintiff's previous pleadings, fails to state a cognizable claim against any defendant other than defendants Kuppinger and Moore. The SAC clarifies that plaintiff's Eighth Amendment claims against Moore are premised on Moore's own alleged deliberate indifference to plaintiff's serious medical needs (by allegedly denying plaintiff's request for a cell move, see SAC at ¶ 9),[1] and Moore's alleged failure to protect plaintiff from excessive force, see SAC at ¶ 23 ("At no time Defendant G. Moore tried to stop or exercise his responsibility and prevent these police officials from beating him, as they repeatedly contenue to assault plaintiff [sic]." The court's prior finding that plaintiff stated an

---

[1] This deliberate indifference claim against defendant Moore is based on a liberal construction of the SAC. The same liberal construction supports the ongoing deliberate indifference claim against defendant Kuppinger. Although the SAC does not expressly state that Kuppinger was deliberately indifferent when he refused plaintiff's request for a cell move, that contention is reasonably inferred from the related allegations of the SAC, and consistent with allegations in the FAC that Kuppinger told bystanders plaintiff's threatened suicide was "just playing." Cf. SAC at ¶ 11 with FAC at ¶¶ 17-9.

excessive force claim against defendant Moore is rescinded.

Plaintiff does not state a claim against defendants Lincoln or Gomez. Plaintiff does not allege that either officer was among the "several officers" who denied plaintiff's request for a cell move, or participated in Kuppinger's alleged assault against plaintiff. See SAC ¶ 9-12, 18. Plaintiff makes no specific charging allegations against Gomez. Moreover, as noted by defendants, plaintiff's only specific allegation against Lincoln, that he "had the other foot twisting plaintiff feet tring to break it [sic]," id. at ¶ 21, is so inconsistent with the allegations of the FAC as to appear disingenuous. See FAC at ¶ 26 (after stating that a spit mask was placed on his face, plaintiff alleged that "I could not see who was incontrole of my feet but both of them was being twisted [sic]." Allowing this amendment would be unduly prejudicial to Lincoln.

Plaintiff's SAC allegations against Warden Virga remain vague and conclusory. Plaintiff alleges generally that Virga was responsible for supervising, disciplining and training defendants (SAC ¶ 4); that he failed to supervise and train defendants "under the code of silence and to ensure that they don't use excessive force against prisoners" (id. at¶ 33, see also ¶36); and, with the other defendants, that Virga violated plaintiff's Eighth Amendment rights through "actions of intimidation, abuse, Harassment and conspired other violation of law against plaintiff [sic]" (id. at ¶ 48).

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (citations omitted). Thus, "[a]lthough there is no pure respondeat superior liability under § 1983, a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations [of subordinates] and failed to act to prevent them.'" Preschooler II v. Clark County School Bd. of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007) (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). Additionally, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is

a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987) (quoted with approval in Hansen, 885 F.2d at 646).

Plaintiff's SAC allegations against defendant Virga do not support a plausible inference that Virga directly violated plaintiff's constitutional rights, or that Virga had any personal involvement in the challenged conduct of defendants Kuppinger and Moore. The SAC allegations also fail to assert that Virga endorsed any specific practice, policy or procedure that was the moving force behind the challenged conduct. Plaintiff's allegations against Virga assert no more than vicarious liability, which is not actionable. Therefore, Warden Virga shall remain dismissed from this action.

Finally, plaintiff's allegations against various "John Does" also fail. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, if plaintiff learns the identity of a Doe defendant through discovery or other means, he may move to file a further amended complaint to add the newly-named defendant. Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (failure to afford plaintiff such opportunity is error).

For these several reasons, the court finds that plaintiff's Second Amended Complaint states the following cognizable Eighth Amendment claims: (1) against defendant Kuppinger, deliberate indifference to plaintiff's serious medical needs, and excessive force; and (2) against defendant Moore, deliberate indifference to plaintiff's serious medical needs, and failure to protect plaintiff from excessive force. ECF No. 11 at 1. The court's prior finding that plaintiff stated an excessive force claim against defendant Moore is rescinded. Defendants Lincoln, Gomez, and Virga shall remain dismissed from this action.

Defendants will be directed to file an answer to the Second Amended Complaint.

V. Plaintiff's Request for a Settlement Conference

Pursuant to this "motion," plaintiff inquires whether defendants would be willing to participate in a settlement conference. Defendants will be directed to file and serve a statement

indicating whether they believe a settlement conference would be helpful at this time.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to strike plaintiff's First Amended Complaint, ECF No. 43, is DENIED.

2. Plaintiff's motion for leave to file his proposed Second Amended Complaint, ECF No. 29, is GRANTED. This action proceeds on the following Eighth Amendment claims against defendants Kuppinger and Moore: (1) against defendant Kuppinger, deliberate indifference to plaintiff's serious medical needs, and excessive force; and (2) against defendant Moore, deliberate indifference to plaintiff's serious medical needs, and failure to protect plaintiff from excessive force.

3. The Clerk of Court is directed to attach to plaintiff's Second Amended Complaint, ECF No. 30, the exhibits attached to his First Amended Complaint, see ECF No. 9 at 11-57.

4. Within thirty days after the filing date of this order, defendants shall file and serve an answer to plaintiff's Second Amended Complaint.

5. Plaintiff's "motion" for a settlement conference, ECF No. 45, is DENIED without prejudice; however, within thirty days after the filing date of this order, defendants shall file and serve a statement indicating whether they believe a settlement conference would be helpful at this time.

DATED: February 4, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6