1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HENRY A. JONES,                             No.  2:13-cv-0451 WBS AC P

12                  Plaintiff,

13        v.                                     ORDER

14   P. KUPPINGER, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's Second Amended

19   Complaint, ECF No. 30, on the following Eighth Amendment claims against defendants

20   Kuppinger and Moore:  (1) against defendant Kuppinger, for deliberate indifference to plaintiff's

21   serious medical needs and excessive force; and (2) against defendant Moore for deliberate

22   indifference to plaintiff's serious medical needs and failure to protect plaintiff from excessive

23   force.  See ECF No. 46.  A Discovery and Scheduling Order issued on March 13, 2015, setting a

24   discovery deadline of July 17, 2015, and an October 16, 2015 deadline for filing dispositive

25   motions.  See ECF No. 49.

26        Presently pending is plaintiff's motion to compel discovery and request for sanctions, filed

27   May 18, 2015.  ECF No. 50.  Defendants oppose the motion as prematurely filed and moot.  ECF

28   No. 51.  For the reasons that follow, plaintiff's motion is denied as moot.

                                              1

1    When plaintiff filed his discovery motion on May 14, 2015,[1] he had received no responses

2    from defendants to his discovery requests, specifically:  Plaintiff's Interrogatories to Defendant

3    Kuppinger, Set One, Nos. 1-7 (Pl. Ex. A); Plaintiff's Interrogatories to Defendant Moore, Set

4    One, Nos. 1-8 (Pl. Ex. B); Plaintiff's First Request for Production of Documents to Defendant

5    Kuppinger (Pl. Ex. C); Plaintiff's First Request for Production of Documents to Defendant Moore

6    (Pl. Ex. D).

7    Responses to written discovery requests in this action are due within 45 days after service

8    of the requests.  See ECF No. 49 at 4.  Plaintiff avers that he served each of the above requests on

9    the same date, March 27, 2105.  ECF No. 50 at 1.  Review of the requests indicates that on March

10   27, 2015, plaintiff dated and signed each request and/or the respective certificate of service.[2]

11   Normally, this date would control the "service date" of plaintiff's requests.  See n.1, supra.  So

12   construed, responses were due within 45 days, plus three additional days for responding to

13   matters served by mail,[3] or by May 14, 2015.  Defendants served their responses by mail one day

14   later, on May 15, 2105.

15   However, defendants assert that their responses were not yet due when plaintiff filed his

16   motion on May 14, 2015.  Defendants rely on the "service dates" written and initialed by prison

17   officials on the backs of the envelopes containing plaintiff's discovery requests.  Title 15, section

18   3142, California Code of Regulations, sets forth the procedures for processing an inmate's

19   outgoing confidential mail.  An inmate must present to designated staff the contents of his mail in

20   an unsealed envelope for inspection.  "If no prohibited material is discovered, the contents shall

21   be returned to the envelope and sealed.  Staff shall place their signature, badge number and date

22   across the sealed area on the back of the envelope.  Staff shall then deposit the confidential mail

23

24   [1] The filing dates referenced herein are based on the prison mailbox rule, pursuant to which a
     document is deemed served or filed on the date a prisoner signs the document and gives it to

25   prison officials for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison
     mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox

26   rule to both state and federal filings by incarcerated inmates).

27   [2] See ECF No. 50 at 7-8 (Pl. Ex. A); ECF No. 50 at 12, 15 (Pl. Ex. B); ECF No. 50 at 18-9 (Pl.
     Ex. C); ECF No. 50 at 22 (Pl. Ex. D).

28   [3] See Fed. R. Civ. P. 6(d) (adding three days to respond to matters served, inter alia, by mail).

2

1    in the appropriate depository."  15 C.C.R. § 3142(d).

2        In the instant case, the envelope containing the discovery requests directed to defendant

3    Moore was signed and dated by a correctional official on March 31, 2015, while the envelope

4    containing the discovery requests directed to defendant Kuppinger was signed and dated by a

5    correctional official on April 1, 2015.  See ECF No. 51 at 14, 19-20.  Relying on these dates,

6    defendant Moore's responses were due by May 18, 2015, while defendant Kuppinger's responses

7    were due by May 19, 2015.  So construed, defendants' responses served May 15, 2015 were

8    timely.

9        There is some authority for defendants' reliance on the dates provided by prison officials

10    on the envelopes containing plaintiff's discovery requests.  See e.g., Ford v. Soto, 2013 WL

11    4039803, *1 n.2 (C.D. Cal. 2013) (relying on "the date written and initialed by a prison official

12    on the back of the envelope containing the Petition" as the constructive filing date for purposes of

13    the mailbox rule); Gleghorn v. Chappell, 2012 WL 5058736,*5 n.7 (C.D. Cal. 2012) (same); see

14    also Mitchell v. Janda, 2014 WL 502629, *4 n.3 (C.D. Cal. 2014) (concluding that the petition

15    would be untimely filed even if the court applied this construction of the mailbox rule).

16        Nevertheless, regardless whether this court construes defendants' responses as timely

17    served, or served one-day late, plaintiff's concerns are now moot because defendants have served

18    their responses.  Moreover, it appears that plaintiff failed to meet and confer with defendants

19    regarding his discovery concerns before filing the instant motion.  See Fed. R. Civ. P. 37(a)(1)

20    ("[A] party may move for an order compelling disclosure or discovery [and such] motion must

21    include a certification that the movant has in good faith conferred or attempted to confer with the

22    person or party failing to make disclosure or discovery in an effort to obtain it without court

23    action."); see also ECF No. 49 at 5, ¶ 5 (Discovery and Scheduling Order).

24        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel discovery and

25    for sanctions, ECF No. 50, is denied.

26    DATED: June 10, 2015

27                            ALLISON CLAIRE
                               UNITED STATES MAGISTRATE JUDGE

28