UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, | No. 2:13-cv-0451 WBS AC P |
| Plaintiff, | |
| v. | ORDER and |
| P. KUPPINGER, et al., | AMENDED SCHEDULING ORDER |
| Defendants. | |

I.  Introduction

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action on his Second Amended Complaint (SAC), ECF No. 30, against defendant Kuppinger for deliberate indifference to plaintiff's serious medical needs and excessive force; and against defendant Moore for deliberate indifference to plaintiff's serious medical needs and failure to protect plaintiff from excessive force.  See ECF No. 46 at 5.  The discovery deadline expired on July 17, 2015, and the deadline for filing dispositive motions is currently October 16, 2015.  See ECF No. 49.

Presently pending are the following matters:  (1) plaintiff's initial motion to compel discovery, filed June 15, 2015, ECF No. 54; (2) plaintiff's motion for appointment of counsel, filed June 29, 2015, ECF No. 55; (3) plaintiff's motion to obtain the case record, filed June 29, 2015, ECF No. 56; (4) plaintiff's further motion to compel discovery, filed July 13, 2015, ECF

No. 58; and (5) plaintiff's request that a settlement conference be scheduled in this action, ECF No. 61.  Defendants filed oppositions to plaintiff's discovery motions.  See ECF Nos. 57, 59, 60.

II.     Plaintiff's Discovery Motions and Extension of Deadlines

Plaintiff initially seeks further responses from defendant Kuppinger to plaintiff's Interrogatories, Set One, Numbers Four through Six, and plaintiff's corresponding Requests for Production, Set One, Numbers Four through Six.[1]

Defendant Kuppinger's initial responses, served May 15, 2015, asserted multiple objections and disclosed no responsive information or documents.  See generally ECF No. 54 at 9-53.  After plaintiff filed this motion, new defense counsel (assigned to the case June 11, 2015) reviewed plaintiff's motion and defendant Kuppinger's discovery responses, and requested that officials at the California Department of Corrections and Rehabilitation (CDCR) assist in the identification of any additional information or documents responsive to plaintiff's discovery requests.  See Declaration of David C. Goodwin, Deputy Attorney General (Goodwin Decl.), ECF No. 57-1 at 1-2, and attached exhibits.  On June 25, 20111, defense counsel served plaintiff with supplemental responses to Interrogatory Nos. 4-6, and with documents responsive to

---

[1] These discovery requests sought the following:

> Interrogatory No. 4:  During the time you were an officer at CSP-S have you ever been charged for, disciplined, investigated, or accused of excessive force toward an inmate.
> Production Request No. 4:  All documents which would identify, support, or relate to your response to Interrogatory No. 4, Set One, served and filed concurrently with this request.
>
> Interrogatory No. 5:  In the time you were an officer at CSP-S have you ever been charged for, disciplined, investigated, or accused of ignoring or disregarding an inmate's medical needs.
> Production Request No. 5:  All documents which would identify, support, or relate to your response to Interrogatory No. 5, Set One, served and filed concurrently with this request.
>
> Interrogatory No. 6:  Please inform as to whether you have ever been or are being sued by a prisoner for any claim made against you by Plaintiff in this lawsuit.
> Production Request No. 6:  All documents which would identify, support, or relate to your response to Interrogatory No. 6, Set One, served and filed concurrently with this request.

Production Request Nos. 4 and 6.² Defense counsel states under penalty of perjury that he "performed due diligence to identify any additional information or documents responsive to Plaintiff's discovery requests" and supplemented defendant Kuppinger's responses "[u]pon receiving additional information, in good faith." Goodwin Decl., ¶¶ 4-5. In addition, defense counsel states that he "will continue to supplement his responses if further discoverable and responsive information becomes available." ECF No. 57 at 4.

Plaintiff did not file a reply to defendant's response to this motion, which the court construes as plaintiff's concession that that defendant Kuppinger's supplemental responses are adequate. Therefore, the court denies plaintiff's initial discovery motion, ECF No. 54, as moot.

---

² Defense counsel provided the following supplemental responses from defendant Kuppinger:

> <u>Supplemental Response to Interrogatory No. 4</u>:  Without waiving objection, Defendant has not been criminally "charged" or "disciplined" for excessive force toward an inmate.  Defendant is informed an inmate asserted excessive force in a staff complaint after the incidents alleged in this lawsuit.  The investigation into that grievance concluded Defendant did not employ excessive force in violation of CDCR policy.
>
> <u>Supplemental Response to Production Request No. 4</u>:  Without waiving objection, Defendant produces a redacted copy of the staff complaint brought by another inmate, asserting Defendant used excessive [force] during an incident on July 23, 2011, and the appeal first level response finding there was no violation of CDCR policy.  (Bates 1-6.)²  Defendant also produces a redacted copy of the Rules Violation Report referenced in the first level response. (Bates 7-27.)
>
> <u>Supplemental Response to Interrogatory No. 5</u>:  Without waiving objection, Defendant has not been "criminally" charged, "disciplined," or investigated for ignoring or disregarding an inmate's medical needs.  Defendant is also unaware of accusations regarding such conduct.
>
> <u>Supplemental Response to Interrogatory No. 6</u>:  Without waiving objection, Defendant is informed and believes he was named in three other lawsuits brought by prisoners.  However, Defendant was dismissed from each of those lawsuits and was never served with process.
>
> <u>Supplemental Response to Production Request No. 6</u>:  Without waiving objection, Defendant produces a printout from the Court's Electronic Case Filing system, showing he was named in three other inmate civil-rights lawsuits.  (Bates 38-40).)  The documents filed in those cases are public and equally available to Plaintiff.

3

Plaintiff's second discovery motion seeks responses to his Interrogatories, Set Two, served, respectively, on defendants Kuppinger and Moore. ECF No. 58.  Defendants refused to provide responses to these interrogatories on the ground that they were untimely served.  See ECF No. 58 at 4 (June 25, 2015 letter to plaintiff from defense counsel); and ECF No. 59 (defendants' opposition to motion).  As defense counsel asserts, pursuant to the court's existing scheduling order, "[a]ll requests for discovery . . . shall be served not later than sixty [60] days prior to [July 17, 2015, the discovery deadline]." ECF No. 49 at 5, ¶ 6.  Although the parties dispute the calculation of the date on which plaintiff served these discovery requests, the court finds that the appropriate date is May 28, 2015, by application of the prison mailbox rule.[3]  Therefore, plaintiff's second sets of interrogatories were served 48 days prior to the discovery deadline and were therefore untimely.  As a result, defendants were not obligated to respond to the interrogatories.

Notwithstanding the untimeliness of plaintiff's requests, it appears that plaintiff made a good faith effort to comply with the court's scheduling order.  In addition, this court is required to accord appropriate deference to pro se litigants and to strive to resolve cases on their merits.  Therefore, the court broadly construes plaintiff's motion as a request to extend the discovery deadline for the limited purpose of obtaining responses to plaintiff's Interrogatories, Set Two, served on defendants Kuppinger and Moore.

For good cause shown, the court grants plaintiff's motion; extends the discovery deadline to November 20, 2015, for the limited purpose of allowing defendants to serve their responses to this discovery; and extends the dispositive motion deadline to March 20, 2016.

Also in his second discovery motion, plaintiff seeks sanctions against defendants on the ground that they untimely noticed plaintiff's deposition, which took place on July 15, 2015, two

---

[3] Pursuant to the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates). See also Ford v. Soto, 2013 WL 4039803 at *1 n.2, 2013 U.S. Dist. LEXIS 111471 at *5 n.2 (C.D. Cal. 2013) ("the date written and initialed by a prison official on the back of the envelope containing the [p]etition" as the constructive filing date for purposes of the mailbox rule).

1  days before expiration of the discovery deadline.  See ECF No. 58 at 1.  However, as defendants
2  assert, noticing a deposition is not governed by the court's deadline for propounding written
3  discovery requests.  As the instant scheduling order provides, "defendants may depose, either in
4  person or by videoconference, plaintiff and any other witness confined in a prison upon condition
5  that, *at least fourteen days before such a deposition*, defendants serve all parties with the notice
6  required by Fed. R. Civ. P. 30(b)(1)."  See ECF No. 49 at 5, ¶ 4.

7  Defendants have submitted a copy of their Notice of Plaintiff's Deposition, timely served
8  on plaintiff on June 15, 2015, one month before.  See ECF No. 60 at 3-7, Ex. A.  Although
9  defendants later served, on July 13, 2015, an Amended Notice of Plaintiff's Deposition, the
10 changes noted therein were di minimis, specifically, that the deposition would commence at 10:30
11 a.m., rather than 11:00 a.m., and that it would be conducted by videoconference.  See id. at 8-13.

12 Therefore, plaintiff's motion for sanctions premised on defendants' alleged failure to
13 comply with the court's scheduling order is without merit and denied on that basis.

14 III.  Plaintiff's Request for the Court's Assistance to Obtain his Legal Materials

15 Plaintiff seeks the court's assistance in locating and retrieving (or providing duplicate
16 copies of) his legal materials in this case.  ECF No. 56.  (Plaintiff makes this request in tandem
17 with his request for appointment of counsel, addressed below.)  Plaintiff states that he has had the
18 assistance of other inmates in pursuing this action, who lost the materials.[4]  However, because
19 plaintiff made this request more than two months ago, it is not clear if he continues to be without

---

[4] Plaintiff states that his legal materials were lost due to the following circumstances, ECF No. 56 at 1-2 (sic):

> [Plaintiff] had an inmate name Williams litigating this civil complaint, who filed all discovery.  Who cut his risk on or about 6/12/2015 and was placed on suiside precaution and do not know when hil return.  This inmate left with most of Jones records. [¶] On 6/19/2015 Mr. Jones gave an inmate by the name Springfild [] the rest of his records to salvidge the rest of this case.  The sams day Mr. Springfild got attack by other inmate.  C/o Galapan look thru all of Springfild legal documents and was only to retreave Mr. Jones legal books and not any case files.  Mr. Jones request that the court take Judicial Notice by contacting C/O Galapan, and contact C/O Roles to indintify that Mr. Williams was working on Mr. Jones case.  I Henry A Jones has NO records of this case. . . .

5

his legal materials.  If so, plaintiff will be required to file a new request for assistance.

Therefore, the instant request is denied without prejudice.

IV.     Plaintiff's Request for Appointment of Counsel

Plaintiff has filed a second request for appointment of counsel.  See ECF Nos. 55, 56; see also ECF Nos. 41-2 (denying plaintiff's prior request).  Plaintiff states that he is "a serious health care inmate with locognitive (sic) fun[c]tioning."  ECF No. 55 at 1.  He states that he has limited education, is a mental health patient and is disabled under the ADA, and has relied on the help of other inmates in pursuing this action.  Id. at 2; see also ECF No. 56 at 1-2.

Plaintiff is again informed that district courts do not have authority to require attorneys to represent indigent prisoners in Section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain "exceptional circumstances," the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

In the present case, the court again finds that plaintiff has not met his burden of demonstrating the requisite exceptional circumstances.  Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.  Moreover, the legal issues in this case are well established, and clearly set forth by the court's order filed February 5, 2015.  See ECF No. 46.  Also, plaintiff's current motions demonstrate that plaintiff (and/or his current inmate assistant) understands the discovery process and the principal legal issues to be resolved by this litigation.  Significantly, plaintiff's initial discovery motion triggered the service of supplemental responses by defendant.  For these several reasons, the court finds that plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, plaintiff's request for appointment of counsel is denied without prejudice.

V. Request to Set Settlement Conference

Finally, plaintiff requests, for the second time, that a settlement conference be scheduled in this action. ECF No. 61; see also ECF No. 58 at 2. In response to plaintiff's first request, ECF No. 45, defendants responded as follows, ECF No. 47 at 2:

> Defense counsel has begun investigating settlement possibilities by speaking with Defendants, analyzing documents related to this case, and inquiring into restitution owed by Plaintiff, but needs additional time to conduct the investigation. Because the investigation is not yet complete, Defendants do not believe a settlement conference would be helpful in resolving the pending litigation at this time. Defendants invite Plaintiff to send defense counsel a written settlement proposal for consideration.

In his present motion, plaintiff proposes a settlement that includes a monetary award of $15,000.00, removal of a related disciplinary finding from his central file and restoration of associated points. ECF No. 61.

Defendants will again be directed to file and serve a statement indicating whether they believe a settlement conference would be helpful at this time.

## CONCLUSION

1. Plaintiff's initial motion to compel discovery, ECF No. 54 (seeking further responses from defendant Kuppinger to plaintiff's Interrogatories, Set One, Numbers Four through Six, and plaintiff's corresponding Requests for Production, Set One, Numbers Four through Six), is denied as moot.

2. Plaintiff's further motion to compel discovery, ECF No. 58, is granted in part and denied in part, as follows:

    a. Defendants Kuppinger and Moore shall serve their responses to plaintiff's Interrogatories, Set Two, within 45 days after the filing date of this order.

    b. Plaintiff's motion for sanctions, premised on defendants' alleged failure to comply with the court's scheduling order in noticing plaintiff's deposition, is denied.

3. Plaintiff's request for the court's assistance to obtain his legal materials in this case, ECF No. 56, is denied without prejudice. If plaintiff is still without his legal materials, he may

file a new request.

4. Plaintiff's second request for appointment of counsel, ECF No. 55 (see also ECF No. 56), is denied without prejudice.

5. Within thirty days after the filing date of this order, defendants shall file and serve a statement indicating whether they believe a settlement conference in this action would be helpful at this time. If so, defendants shall indicate whether they consent to the undersigned Magistrate Judge presiding at the conference, or request the random assignment of another Magistrate Judge.

6. The discovery deadline is extended to November 20, 2015, for the limited purpose of allowing defendants to serve the responses required by this order; the dispositive motion deadline is extended to March 20, 2016.

DATED: September 16, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE