UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, | No. 2:13-cv-0451 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| P. KUPPINGER, et al., | |
| Defendants. | |

I.   Introduction

Plaintiff is a state prisoner who proceeds pro se in this civil rights action filed pursuant to 42 U.S.C. 1983.  Presently pending is plaintiff's third request for appointment of counsel, ECF No. 63; plaintiff's motions filed against each defendant challenging their respective responses to plaintiff's Second Set of Interrogatories, ECF Nos. 70-1; plaintiff's renewed requests that the court set a mandatory settlement conference, see ECF Nos. 63, 70-1; and plaintiff's renewed request for copies of court filings in this case, see ECF No. 64.  For the reasons that follow, the undersigned grants plaintiff's request for appointment of counsel for the limited purpose of participating in a mandatory settlement conference; denies plaintiff's motions concerning discovery; and partially grants plaintiff's request for copies of court filings.

This action proceeds on plaintiff's claims set forth in his Second Amended Complaint (SAC), ECF No. 30, against two correctional officers, challenging their responses to plaintiff's

suicide threats and attempt on May 13, 2013.  The court has found that the SAC states cognizable claims against defendant Kuppinger for deliberate indifference to plaintiff's serious medical needs and excessive force; and against defendant Moore for deliberate indifference to plaintiff's serious medical needs and failure to protect plaintiff from excessive force.  See ECF No. 46 at 5; ECF No. 62 at 1.  Plaintiff is a three-strikes litigant, under 28 U.S.C. § 1915(g), who paid the filing fee to pursue this action.[1]  See ECF Nos. 34-7.

The discovery deadline expired in this action on November 20, 2015, and the deadline for filing dispositive motions will expire on March 20, 2016.  See ECF No. 62.

II.     Plaintiff's Request for Appointment of Counsel

Plaintiff has submitted a third request for appointment of counsel.  As plaintiff has previously been informed, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1) only in certain "exceptional circumstances."  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990); see also Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989) (district courts do not have authority to require attorneys to represent indigent prisoners in Section 1983 cases).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel.  Id.

---

[1]  Notably, the three cases supporting the finding that plaintiff is a three-strikes litigant under 28 U.S.C. 1915(g) were filed in 2004 and 2005.  See ECF No. 34.  Plaintiff has filed five cases in this court since 2010; all except the instant case are now closed.  See Jones v. Sahota et al., Case No. 2:10-cv-03206 MCE EFB P (closed 02/26/13; summary judgment for defendants on the claim that defendants were deliberately indifferent in responding to plaintiff's chronic insomnia); Jones v. Jaffe et al., Case No 2:11-cv-02049 KJM DAD P (closed 01/21/15; summary judgment for defendant physician on plaintiff's claim that implantation of his cardiac defibrillator was unnecessary and therefore a violation of the Eighth Amendment); Jones v. Virga et al. (aka, Jones v. Whitted), Case No. 2:12-cv-02695 MCE KJN P (closed 06/30/14 pursuant to settlement; discussed and referenced herein as "Whitted"); and Jones v. Harris, Case No. 2:13-cv-00677 DAD P (closed 02/12/14; dismissed without prejudice to plaintiff filing a habeas corpus action).

In denying plaintiff's initial request for appointment of counsel, on August 20, 2014, this court found that plaintiff's one-page request did not present the requisite exceptional circumstances.  See ECF No. 42.

In his second, two-page, request for appointment of counsel, plaintiff stated that he was "a serious health care inmate with locognitive [sic] fun[c]tioning" and limited education, a mental health patient, disabled under the Americans with Disabilities Act (ADA), and dependent on the help of other inmates to pursue this action.  ECF No. 55 at 1-2; see also ECF No. 56 at 1-2.  This court again found that plaintiff had not met his burden of demonstrating exceptional circumstances, for the following reasons, ECF No. 62 at 6:

> Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel.  Moreover, the legal issues in this case are well established, and clearly set forth by the court's order filed February 5, 2015.  See ECF No. 46.  Also, plaintiff's current motions demonstrate that plaintiff (and/or his current inmate assistant) understands the discovery process and the principal legal issues to be resolved by this litigation.  Significantly, plaintiff's initial discovery motion triggered the service of supplemental responses by defendant.

In his instant request, which is 35 pages in length, plaintiff (with the assistance of inmate R. Houston), has submitted a copy of a portion of plaintiff's successful request for appointment of counsel in another case before this court, see Case No. 2:12-cv-02695 MCE KJN P (ECF No. 25) (hereafter "Whitted"), see n.1, supra, and a copy of the court's order granting that request (ECF No. 30).  In the Whitted matter, Magistrate Judge Newman initially denied a request for appointment of counsel on grounds similar to those relied on by the undersigned, but subsequently found appointment appropriate on the basis of an expanded showing:

> Plaintiff's current request for appointment of counsel seeks to address the court's [previously] stated concerns.  In addition to providing copies of his correspondence with the Prison Law Office demonstrating plaintiff's efforts to obtain counsel on his own, plaintiff has submitted recent mental health records that include Interdisciplinary Treatment Team 90-Day Reports, dated August 29, 2013, November 14, 2013, and January 28, 2014.  These reports indicate that plaintiff is assigned to the Enhanced Outpatient Program (EOP); that he is diagnosed with Major Depressive Disorder, Recurrent w/ Psychotic Features; Polysubstance Dependence, Institutional Remission; and Personality Disorder.

        The reports also indicate that plaintiff experiences auditory hallucinations, engages in self-injurious behaviors, and poses an ongoing risk for assaultive and/or suicidal behaviors.

See Whitted, Case No. 2:12-cv-02695 MCE KJN P (ECF No. 30 at 2-3).

In the instant case, plaintiff has submitted copies of most of the above-referenced documentation in addition to copies of the following, see ECF No. 63:

    (1) Interdisciplinary Progress Notes, dated February 17, 2015, noted that plaintiff had denied engaging in self-injurious behavior throughout the week despite passive suicidal ideations; stated that plaintiff would be retained in the EOP [Enhanced Outpatient Program][2] level of care, and continue "weekly 1:1 mental health therapy and daily groups as available." Id. at 18.

    (2) Mental Health Treatment Plan, dated February 24, 2015, noted that plaintiff's extensive history of suicide attempts, self-injurious behavior and suicidal ideation; feelings of depression/hopelessness/ insomnia; experience of auditory hallucinations since age 13; and poor treatment compliance. Plaintiff's psychiatric medications included Abilify, Remeron, Vistaril and Buspar.[3] It was the decision of the clinician that plaintiff be retained in the EOP program. Id. at 21.

    (3) Treatment notes by the on-call case manager, dated April 17, 2015, who noted plaintiff's expressions of hopelessness and passive suicidal ideations, including "'looking for a reason' to actually commit suicide." Id. at 19.

////

////

---

[2] The California Department of Corrections and Rehabilitation defines its Enhanced Outpatient Program (EOP) mental health program as follows:

    Enhanced Outpatient Program (EOP) – Inmates placed in this program include those with acute onset or significant decompensation because of a serious mental disorder and are unable to function in the prison general population, have demonstrated an inability to program in work, educational assignments, or other activities, have the presence of dysfunctional or disruptive social interaction including withdrawal or disruptive behavior as a result of serious mental disorder, or have an impairment in the activities of daily living including eating and grooming as a result of serious mental disorder.

See www.cdcr.ca.gov/realignment/.../CDCRMentalHealthProgram.doc, at p. 2.

[3] These medications are prescribed to treat psychosis and mood disorders: Abilify is an antipsychotic; Remeron an antidepressant; and both Vistaril and Buspar are antianxiety medications. See Physicians' Desk Reference (PDR), at www.pdr.net.

4

       (4) Mental Health Diagnosis,[4] dated July 21, 2015, which accorded plaintiff Axis I diagnoses of major depressive disorder with recurrent psychotic features, and polysubstance dependence (with institutional remission); Axis II diagnosis of personality disorder; several physical health issues under Axis III;[5] Axis IV notation of "Incarceration (LWOP);" and a Global Assessment of Functioning (GAF) of 50 (on a scale of 0 to 100). Id. at 20.

In addition, these documents indicate recent TABE (Test of Adult Basic Education) scores designating plaintiff's educational level at or below Grade 4. See ECF No. 63 at 18, 19.

      It is apparent that plaintiff is unable to articulate his claims pro se without significant assistance from others. Plaintiff's current motion for appointment of counsel includes a sworn statement by inmate assistant R. Houston that he has prepared several pleadings for plaintiff, including plaintiff's successful request for appointment of counsel in Whitted. Throughout the instant case, plaintiff has asserted that he had the assistance of other inmates, particularly Williams and Springfield. See, e.g. ECF Nos. 56, 64. This court's prior finding that plaintiff's filings "demonstrate that plaintiff (and/or his current inmate assistant) understands the discovery process and the principal legal issues to be resolved by this litigation," ECF No. 62 at 6, clearly rested on the quality of plaintiff's inmate assistance. Ongoing inmate assistance cannot be guaranteed, however, and in any event does not extend beyond the prison walls.

      Additionally, while the undersigned previously found that "the legal issues in this case are well established, and clearly set forth by the court's order filed February 5, 2015," id. (citing ECF No. 46), the legal and factual questions presented by this case are inherently complex. Questions concerning the treatment of mentally ill prisoners, and the alleged use of excessive force against them, are always complicated. See e.g. Coleman v. Brown, 28 F. Supp. 3d 1068, 1109 (E.D. Cal. 2014). Plaintiff's well-documented mental illnesses and limited education limit his ability to

---

[4] The American Psychiatric Association's Diagnostic And Statistical Manual Of Mental Disorders, 5th ed. (DSM-5) sets forth a multiaxial system for diagnosing mental disorders. The Global Assessment of Functioning (GAF) represents the clinician's judgment of the patient's overall level of functioning.

[5] The following physical conditions are listed under Axis III: "Hx [history] of hypertension, hx of pacemaker (defibrillator for heart arrhythmia), hyperlipidemia, hx of gunshot to face, hx of kidney failure, hx of having one lung, hx of arthritis in R leg, hx of severe insomnia, hx of degenerative disk disease, hx of impacted bowels, obesity." ECF No. 63 at 20. Plaintiff is 45 years of age. Id.

advocate for himself against defendant correctional officers charged with deliberate indifference to plaintiff's serious medical and physical needs. Plaintiff's cognizable claims, premised on the serious factual allegations set forth in his SAC,[6] demonstrate a reasonable likelihood that plaintiff could prevail before a jury on the merits of this action.

The court also notes that review of defendants' discovery responses submitted to the court appear to reflect defendants' reluctance to consider the potential merit of plaintiff's allegations and claims. Had it not been for plaintiff's motion to compel further discovery responses filed June 15, 2015, defendant Kuppinger may not have supplemented his initial responses to plaintiff's Interrogatories, Set One, which contained only objections, or produced any documents responsive to plaintiff's Requests for Production, Set One. See ECF No. 62 at 2-3. Similarly, the court's review of each defendant's responses to plaintiff's Interrogatories, Set Two, demonstrates defendants' asserted lack of awareness or recollection concerning virtually every matter. See ECF No. 70, 71.

For these reasons, the undersigned is persuaded that plaintiff has now met his burden of demonstrating exceptional circumstances warranting the limited appointment of counsel in this case. Given the limited number of available volunteer counsel, this appointment will be for the purpose of conducting a mandatory settlement conference, as set forth below. Should this action fail to settle, the court will then inquire whether appointed counsel is willing to continue to represent plaintiff.

////

////

---

[6] The SAC alleges that when plaintiff was previously incarcerated at California State Prison-Sacramento, he was placed in a cell soiled with feces; that defendant Moore and others ignored plaintiff's statements that he could not breath and his request to be moved to another cell, and ignored plaintiff's statements that he felt suicidal; that after plaintiff covered up his windows and threatened suicide, defendants (identified as defendant Kuppinger in the original complaint, ECF No. 1 at 6) told others that plaintiff was "just playing;" that later, defendant Moore asked plaintiff to remove the paper from his cell window and discovered that plaintiff had tied a noose and cut himself; that thereafter defendant Kuppinger used excessive force to push, slam and strike plaintiff while defendant Moore looked on but refused to intervene. See SAC, ECF No. 30.

III. <u>Plaintiff's Motions for an Order to Show Cause re Defendants' Discovery Responses</u>

Plaintiff's moves for an "order to show cause" concerning the alleged bad faith, inconsistencies and false statements made in defendants' respective responses to plaintiff's Interrogatories, Set Two. <u>See</u> ECF Nos. 70-1. There is no authority for plaintiff's motion. Construing plaintiff's request as a motion to compel further responses to the interrogatories, the motion is denied. Although defendants' responses provide very little information, they conform to the requirements of Rule 33, Federal Rules of Civil Procedure, that each interrogatory be answered separately and fully, and any objection be stated with specificity. <u>See</u> Fed. R. Civ. P. 33(b). Defendants' uninformative responses are due in part to the open-ended wording of many of plaintiff's interrogatories.

Accordingly, plaintiff's motions concerning defendants' respective responses to plaintiff's Interrogatories, Set Two, ECF Nos. 70-1, are denied.

IV. <u>Mandatory Settlement Conference</u>

Plaintiff has repeatedly asked, and again asks, for a settlement conference in this action. <u>See</u> ECF Nos. 45, 61, 63, 64, 70, 71. Defendants have twice declined this option. <u>See</u> ECF No. 47, 67. Defendants initially stated that they were investigating settlement possibilities but required additional time to conduct the investigation and invited plaintiff to send defendants' counsel a written settlement proposal. <u>See</u> ECF No. 47 at 2. Thereafter defendants stated only that they did "not believe a court-assisted settlement conference would be helpful at this time." ECF No. 67 at 1. Confronted with similar circumstances in <u>Whitted</u>, Magistrate Judge Newman convened a mandatory settlement conference, which settled the case. <u>See</u> Case No. 2:12-cv-02695 MCE KJN P.

In the present case, plaintiff would have difficulty opposing a dispositive motion pro se. Therefore, due to the limited availability of voluntary counsel to represent plaintiffs throughout an entire action, and in light of plaintiff's motivation to settle this case, the court will appoint counsel for the limited purpose of representing plaintiff in a mandatory settlement conference. The settlement conference will be scheduled after an attorney has been located and the appointment has been made.

V.     Copies of Court Filings

The court previously addressed plaintiff's prior request for the court's assistance in locating and retrieving (or providing duplicate copies of) his legal materials. See ECF No. 62 at 5-6. Plaintiff then stated that the inmates previously assisting him in this case (Williams and Springfield) lost his materials. Because two months had passed, the court denied plaintiff's request without prejudice to filing a new request if plaintiff continued to be unable to obtain his materials.

In his present request, plaintiff seeks "all documents of file" (sic), without further description. See ECF No. 64. Review of the docket indicates that plaintiff should be in possession of all documents filed after his first request for assistance and related motions filed in June 2015, that is, beginning with ECF No. 54. The matters preceding that date are of little consequence in pursuing this action at this time. Moreover, the court record contains no discovery or other evidence in this case except that submitted by plaintiff himself in his motions to compel commencing in June 2015. In other words, the court has identified no documents on the docket that appear essential to plaintiff's current pursuit of this action, and plaintiff has not identified any. Therefore, plaintiff's request is again denied without prejudice.

Nevertheless, the Clerk of Court will be directed to provide plaintiff with a copy of the docket for his review. Should plaintiff require a specific court document in the future, he shall identify the document and explain why he needs a copy. However, in light of the court's decision to appoint counsel in this action, who will have access to the court's Case Management/Electronic Case Files system, plaintiff has no immediate need to request copies of filed documents.

VI.    Summary

Plaintiff's requests for appointment of counsel and for a mandatory settlement conference are granted. The court believes that a settlement conference may resolve the case. Plaintiff's mental health records and other documents persuade the court he cannot adequately represent himself at a settlement conference. Counsel is therefore appointed for purpose of a settlement conference.

1     Plaintiff's motions to require defendants to show cause in support of their responses to plaintiff's Interrogatories, Set Two, are denied because defendant's responses to the Interrogatories are acceptable under the Federal Rules of Civil Procedure.

    Plaintiff's renewed request for copies of court filings is denied because plaintiff has not identified the documents that he is missing .  Appointed counsel will have access to all court documents.

VII.    Conclusion

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's request for appointment of counsel, ECF No. 63, is granted.

    2. Plaintiff's renewed requests to convene a mandatory settlement conference in this action, ECF Nos. 61, 63-4, 70-1, are granted.

    3. The Clerk of Court is directed to contact Sujean Park, Alternative Dispute Resolution Coordinator, for the purpose of locating an attorney admitted to practice in this court who is willing to accept appointment in this action for the limited purpose of representing plaintiff at a mandatory settlement conference.

    4. Plaintiff's motions for court orders directing defendants to show cause in support of their responses to plaintiff's Interrogatories, Set Two, ECF No. 70-1, are denied.

    5. Plaintiff's renewed request for copies of court documents, ECF No. 64, is denied without prejudice; the Clerk of Court is directed to send plaintiff a copy of the court's docket.

    6. The March 20, 2016 deadline for filing dispositive motions, <u>see</u> ECF No. 62, is vacated pending further order of this court; no dispositive motions shall be filed prior to the settlement conference in this action.

DATED: December 2, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE