UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES,, | No. 2:13-cv-00451 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| P. KUPPINGER, et al., | |
| Defendants. | |

In response to plaintiff's inquiry docketed July 22, 2016, ECF No. 95, plaintiff is informed of the following. The dispositive motion deadline allows for the filing of a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b), or a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. In addition to the requirements set forth in those Federal Rules, this court's Local Rules 230(l) and 260 apply. Attached hereto are additional requirements for opposing a motion for summary judgment, intended to update the information provided plaintiff with this court's order filed October 10, 2013, see ECF No. 13 at 7. If this case proceeds after resolution of the parties' dispositive motions, or if no dispositive motion is filed by the September 9, 2016 deadline, then this case will be set for jury trial and related pretrial matters.

Plaintiff states that he is missing documents filed in this case. In forma pauperis status does not include the cost of copies. The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are to be made payable to "Clerk,

1

USDC."  Copies of documents may also be requested, for a fee, through the Cal Legal Support Group at 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-822-2030, fax 916-400-4948.  Included with this order is a one-time courtesy copy of the docket in this case.

Finally, plaintiff requests appointment of counsel for the purpose of preparing a dispositive motion on his behalf.  For the reasons set forth in this court's order filed May 11, 2016, ECF No. 86, plaintiff's request for appointment of counsel is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, ECF No. 95, is denied without prejudice; and

2. The Clerk of Court is directed to send plaintiff, together with a copy of this order (which includes the attached "Rand Notice"), a copy of the current docket in this action.

DATED: July 27, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2

**Rand Notice to Plaintiff**

This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims.[1] To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

---

[1] If the motion for summary judgment concerns the exhaustion of administrative remedies, you must submit proof of specific facts regarding the exhaustion of administrative remedies. See Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014).