UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES, | No. 2:13-cv-0451 WBS AC P |
| Plaintiff, | |
| v. | ORDER |
| P. KUPPINGER, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner incarcerated under the authority of the California Department of Corrections and Rehabilitation (CDCR), who is serving a sentence of life without the possibility of parole. Plaintiff proceeds pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    Plaintiff is currently receiving mental health treatment through the California Department of State Hospitals at the California Health Care Facility (CHCF) in Stockton. By order filed August 17, 2016, this court informed plaintiff that he could request a limited stay of this action for the purpose of focusing on his mental health treatment, pursuant to a "properly-filed motion supported with a letter from [his] treating psychiatrist . . . [which] shall identify the requested

1

1  length of stay and supporting rationale." ECF No. 100 at 1-2.  The court further stated that,

2  absent a stay of this action, the dispositive motion deadline would remain September 9, 2016.  Id.

3  at 1 (see ECF Nos. 91, 94 and 96).

4  On September 9, 2016, defendants filed a motion for partial summary judgment.  See ECF

5  No. 101.  Also on September 9, 2016, the Clerk of Court docketed plaintiff's "Motion:

6  Submitting Legal Status," which this court construes as a motion to stay this action, signed by

7  plaintiff on September 6, 2016.[1]  See ECF No. 103.  Plaintiff avers that his treating psychiatrist

8  informed him that that s/he is not authorized to submit a letter in support of a motion, but

9  suggested that plaintiff attach his most recent treatment plans.  Hence, the exhibit in support of

10  plaintiff's motion is a copy of his August 17, 2016 treatment plans.  See id. at 2-9.

11  Review of plaintiff's treatment plans indicates that plaintiff's mental health status has

12  improved since his March 25, 2016 admission to CHCF.  In light of the allegations of plaintiff's

13  complaint and history of this case, it is particularly noteworthy that, although plaintiff remains

14  moderately depressed with chronic passive suicidal ideation, he is compliant with his treatment

15  programs and medications, and "has not exhibited any recent self-injurious behaviors."  ECF No.

16  103 at 5.  Although plaintiff reports increased suicidal ideation "when he receives 'bad news'

17  regarding his court cases," id. at 3, see also id. at 4, 6, it appears that plaintiff is best supported in

18  his current housing, rather than a CDCR facility, to continue to pursue this litigation.  Plaintiff's

19  treatment plans indicate that plaintiff will be returned to CDCR once he has achieved identifiable

20  treatment goals within a 90-day period.  Id. at 7.  The 90-day period following issuance of the

21  treatment plans will conclude on November 15, 2016.  This will provide adequate time for

22  plaintiff to prepare, file and serve an opposition to defendants' pending motion for partial

23  summary judgment, while housed in the most supportive environment.  For these reasons,

24  plaintiff's motion to stay will be denied.  However, plaintiff will be accorded additional time to

25  prepare his opposition to defendants' motion.

---

[1] Pursuant to the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

Local Rule 230(l) provides that, in prisoner cases, an opposition (or statement of non-opposition) to a motion is due within 21 days after the date of service.  In the instant case, plaintiff will be accorded an additional three weeks, until October 21, 2016, to file and serve his brief in response to defendants' motion for partial summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion filed September 9, 2016, construed as a motion to stay this action, is denied without prejudice.

2. Plaintiff shall file and serve his opposition (or statement of non-opposition) to defendants' motion for partial summary judgment on or before Friday, October 21, 2016.

3. Defendants' reply, if any, shall be filed and served within fourteen (14) days after plaintiff files his opposition or statement of non-opposition to defendants' pending motion.

DATED: September 12, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE