1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HENRY A. JONES,                          No.  2:13-cv-0451 WBS AC P

12                   Plaintiff,

13         v.                                 ORDER

14   P. KUPPINGER, et al.,

15                   Defendants.

16

17         By orders filed January 23, 2018 and February 9, 2019, this court directed the parties in

18   this prisoner civil rights action to file and serve separate status reports indicating the anticipated

19   length of trial and the dates when any party would be unavailable to participate in further

20   proceedings.  See ECF Nos. 120, 123.  The status reports remain due on March 12, 2018.

21   Plaintiff filed his status report on February 26, 2018.  ECF No. 126.  Two other matters remain

22   pending.

23         First, the court requested and obtained the assistance of the Deputy Attorney General in

24   locating plaintiff's legal property.  See ECF Nos. 123, 124.  Although plaintiff acknowledges the

25   receipt of his property, he contends that many of his legal documents in this case remain missing.

26   See ECF No. 125 at 1 ("I'm missing a lot of my evidence; I have nothing to take to trial.").

27   Plaintiff's notice of missing documents does not identify specific items of evidence that are

28   missing from his property.  His status report indicates that he has access to some essential

                                              1

1  documents. The court has previously admonished plaintiff that repeated requests for duplicate

2  documents are viewed with disfavor. See ECF No. 100 (providing plaintiff with copies of the

3  SAC and attached exhibits, and informing him that the court would provide no further documents

4  free of charge (citing ECF No. 96 (providing plaintiff with a courtesy copy of the docket and

5  providing further guidance)).[1] On the present record, there is no action for the court to take.

6  Second, plaintiff seeks authorization to add new defendants to this action and to reinstate

7  defendants previously dismissed. See ECF No. 127. Plaintiff seeks to add new defendants based

8  on newly alleged conduct concerning plaintiff's transfer to segregated housing. He also seeks to

9  reinstate three previously named defendants on the ground that plaintiff could not identify his

10  attackers because wearing a spit mask. See id. at 2 ("I could not see of which of them thru blows

11  to my face due to me having a spit mask on. However I pleaded all of the participated." [sic]).

12  Rule 15(a) declares that leave to amend "shall be freely given when justice so requires."

13  Fed. R. Civ. P. 15(a). In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court

14  described the factors that courts should weigh when ruling on motions to amend pleadings.

15
16
17
18
> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

19  "Leave to amend should be granted unless the pleading 'could not possibly be cured by

20  the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." Ramirez

21  v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citing Lopez v. Smith, 203 F.3d 1130, 1131 (9th

22  Cir. 2000) (en banc)), cert. denied, 541 U.S. 1063 (2004). Facts alleged in an amended complaint

23

24  [1] The court informed plaintiff, ECF No. 96 at 1-2:

25
26
27
28
> In forma pauperis status does not include the cost of copies. The Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are to be made payable to "Clerk, USDC." Copies of documents may also be requested, for a fee, through the Cal Legal Support Group at 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-822-2030, fax 916-400- 4948.

1    "must not be inconsistent with those already alleged." Lacey v. Maricopa County, 693 F.3d 896,

2    939 (9th Cir. 2012) (en banc).  "Liberality in granting a plaintiff leave to amend is subject to the

3    qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad

4    faith, and is not futile.  Additionally, the district court may consider the factor of undue delay."

5    Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citations omitted).  "It is not an abuse of

6    discretion to deny leave to amend when any proposed amendment would be futile." Reddy v.

7    Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir.1990).

8            The court finds that further amendment of the complaint in this case would be futile and

9    unduly prejudicial to defendants.  This action currently proceeds on plaintiff's Second Amended

10   Complaint (SAC) on Eighth Amendment claims against defendants Kuppinger and Moore for

11   conduct that allegedly occurred in 2011, nearly six years ago.  See ECF No. 30; see also ECF No.

12   46 (court's screening of SAC).  The court granted defendants' motion to revoke plaintiff's in

13   forma pauperis status under 28 U.S.C. § 1915(g), ECF Nos. 34, 37, and plaintiff paid the filing

14   fee, see Dkt. Entry dated June 11, 2014.  Defendants answered the SAC on March 9, 2015, ECF

15   No. 48, and discovery commenced thereafter, ECF No. 49.  The court resolved multiple discovery

16   disputes and extended the deadlines for discovery and dispositive motions.  The case survived

17   defendants' motion for summary judgment by order filed October 20, 2017.  See ECF Nos. 113;

18   see also ECF No. 111.  The court convened two mediation conferences without achieving a

19   settlement agreement.  See ECF No. 84 (Minutes of May 4, 2016 conference); ECF No. 119

20   (Minutes of January 9, 2018 conference) (counsel was appointed to represent plaintiff at the first

21   conference).

22           Plaintiff's request to reinstate previously dismissed defendants is premised on his

23   continuing disagreement with the court's reasoning in dismissing those defendants.  There is no

24   basis for reconsideration of that decision.  Plaintiff's request to add new defendants based on

25   recently alleged conduct, though allegedly demonstrative of a practice or policy of official

26   misconduct sufficient to encompass the warden and plaintiff's original allegations, is not relevant

27   to plaintiff's surviving claims against defendants Kuppinger and Moore.  Also not relevant is

28   plaintiff's evidence that defendant Kuppinger may have had similar claims brought against him

3

by other inmates. Therefore, amendment to include any of these putative defendants would be futile. The court further notes that plaintiff's motion to amend appears intended to be coercive and therefore made in bad faith: the motion is contingent on defendants refusing plaintiff's offer of settlement as set forth in his status report. See ECF No. 127 at 1 ("if this case does not settle"); ECF No. 126 at 4 (settlement offer). For these several reasons, plaintiff's motion to amend will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to add defendants, ECF No. 127, is denied.

DATED: February 28, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE