UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY A. JONES,

    Plaintiff,

v.

P. KUPPINGER, et al.,

    Defendants.

No. 2:13-cv-0451 AC P

ORDER

Plaintiff Henry Jones is a state prisoner proceeding pro se with this civil rights action[1] against defendant correctional officers P. Kuppinger and G. Moore. Trial is scheduled to commence before the undersigned[2] on Monday, October 22, 2018. In anticipation of trial and the imminent deadline for filing initial pretrial statements, plaintiff has filed a request to extend that deadline and for appointment of trial counsel. See ECF No. 139. For the reasons set forth below, plaintiff's requests are granted; and the deadline for filing initial pretrial statements is vacated for all parties until further order of this court.

Plaintiff requests appointment of counsel based on his well-documented mental health challenges. See generally ECF No. 139. This is plaintiff's fourth request for appointment of

---

[1] Plaintiff paid the filing fee in this action as a "three strikes litigant" under 28 U.S.C. § 1915(g). See ECF Nos. 34-7.

[2] Pursuant to the consent of the parties, this action proceeds under the authority of the undersigned magistrate judge for all purposes. See 28 U.S.C. § 636(c) and Local Rule 305(a).

1

1 | counsel. See ECF Nos. 41, 55, 63. The court granted plaintiff's third request for the limited
2 | purpose of appointing counsel to represent plaintiff at a settlement conference. ECF Nos. 72, 75.
3 | The case did not settle. ECF No. 84.

The applicable standards for assessing an indigent civil litigant's request for appointment of counsel are as follows. The district court may *request* the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1) only in certain "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990); see also Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989) (district courts do not have authority to *require* attorneys to represent indigent prisoners in Section 1983 cases). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. Id.

In his instant request, plaintiff avers that his mental health is deteriorating and impairing his ability to prepare for trial. Having considered plaintiff's supporting documentation, as well as the record of this case as a whole, the court finds that exceptional circumstances support the appointment of pro bono counsel to present plaintiff's case at trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel, ECF No. 139, is GRANTED.

2. The Clerk of Court is directed to contact Sujean Park, Pro Bono Program Director, for the purpose of locating an attorney admitted to practice in this court who is willing to accept appointment in this action for the purpose of preparing for and representing plaintiff at trial.

////
////
////
////

3. Plaintiff's request to extend the deadline for filing initial pretrial statements is GRANTED; the current deadline (May 4, 2018) is vacated until further order of this court.

DATED: April 23, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE