|    |    |
|----|----|
| HENRY A. JONES, | No. 2:13-cv-0451 AC P |
| Plaintiff, | |
| v. | ORDER |
| P. KUPPINGER, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Henry Jones is a state prisoner proceeding with newly appointed counsel in this civil rights action filed against Correctional Officers P. Kuppinger and G. Moore. Following summary judgment and an unsuccessful settlement conference, this action proceeds on plaintiff's Eighth Amendment excessive force claim against defendant Moore, and Eighth Amendment failure-to-protect claims against both defendants Moore and Kuppinger. Pursuant to the consent of the parties, this action now proceeds to jury trial before the undersigned. See ECF Nos. 133, 143.

By order filed May 25, 2018, this court directed the parties to file a Joint Pretrial Statement by August 10, 2018. See ECF No. 143. Instead, defense counsel Chijioke O. Ikonte has filed an ex parte application to modify the scheduling order and to reopen discovery. See ECF Nos. 144, 145 (as amended). Counsel avers that he "met and conferred with defendant's counsel prior to filing this application. He does not oppose the application." ECF No. 145 at 5 (Ikonte

1

Decl., ¶ 6). Counsel seeks to conduct relevant expert discovery, and explains, id. at 4, 5:

> The defendant has retained an expert that will opine to the nature and extent of plaintiff's injury as well as causation. In addition, the defendant in this case is a law enforcement officer and plaintiff anticipates that defendant will call non-retained experts that work in law enforcement. [¶] Plaintiff will need to retain experts to testify to the nature and extent of his injuries as well as causation.
>
> . . . In order to effectively represent the plaintiff in this matter, I will need to retain a use of force expert as well as an expert to opine on the nature and extent of plaintiff's injuries. I may need to depose his treating physicians as non-retained experts.

Defense counsel also states that he is awaiting receipt of plaintiff's medical records. Id. at 3. Counsel requests that the scheduling order be modified as follows, id. at 4:

> [By] (1) extending time limit for expert disclosure by forty-five days; (2) extending the time to conduct expert discovery by forty-five days after the disclosure deadline; (3) extending the joint pretrial statement deadline until forty-five days after the expert discovery deadline; and (4) continuing the trial date until sixty days after the joint pretrial statement. Defendants do not object to this proposed modification.

The court finds that the additional information sought by plaintiff's counsel is relevant to the issues and claims in this case, see Fed. R. Civ. P. 26, and could not have been previously obtained by plaintiff, and that the requested dates are reasonable. Although the court will defer setting a new trial date, plaintiff's other requested extensions of time will be granted.

Accordingly, for good cause shown, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application to modify the scheduling order and to reopen discovery, ECF No. 145, is granted; the trial scheduled to commence October 29, 2018, is vacating pending further order of this court.

2. The parties shall disclose their respective experts on or before October 5, 2018.

3. The parties may conduct expert discovery through November 30, 2018.

4. The parties shall file a Joint Pretrial Statement on or before January 25, 2019. The Statement shall address each of the matters set forth in Local Rule 281(b), estimate the length of trial, and identify all black-out dates through June 28, 2019 when either party or their counsel is unable to participate in trial.

5. The court will review the Joint Pretrial Statement on the papers, without scheduling a

pretrial conference. Thereafter, the court will issue a Pretrial Order providing further directions to the parties, including the deadline for filing *in limin*e motions.

    6.  The Clerk of Court is directed to vacate the writ ad testificandum issued by this court on April 9, 2018 (see ECF No. 138); after a new trial date is set, the court will issue a new writ ad testificandum to obtain plaintiff's presence at trial.

    IT IS SO ORDERED.

DATED: August 20, 2018

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE