UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>P. KUPPINGER, et al.,<br><br>    Defendants. | No. 2:13-cv-0451 AC P<br><br>ORDER |

Through appointed counsel, plaintiff seeks further modification of the pretrial scheduling order in this case. See ECF No.152. The current schedule provides, in pertinent part, that the parties disclose their respective experts on or before October 5, 2018, and conclude expert discovery by November 30, 2018. Plaintiff's pending ex parte application seeks extension of these dates to November 16, 2018, and December 28, 2018, respectively.

Plaintiff's counsel avers that, due to the retirement and resulting unavailability of the court reporter who recorded and transcribed plaintiff's July 15, 2015 deposition, it has taken nearly two months to obtain a copy of the deposition transcript, which has resulted in comparable delay in retaining an expert. Counsel asserts that, because "[t]he deposition transcript is an essential document that the expert will need to review to prepare [and] form an opinion and prepare a report pursuant to Rule 26," "[t]he absence of the transcript made it impossible for [plaintiff] to designate an expert by October 5 as mandated by the Court's order" filed August 21, 2018 (ECF

No. 146). Plaintiff's pending request was filed on October 5, 2018, the existing deadline for designating expert witnesses.

Defendants oppose plaintiff's ex parte application on the ground that it fails to demonstrate due diligence and good cause. See ECF No. 155. Defendants assert: "Plaintiff's counsel has given no explanation [] why he did not seek relief sooner or consult with the defense counsel before filing the motion." Id. at 3. Defendants contend that "Plaintiff's expert(s) could have interviewed Plaintiff themselves and his deposition transcript should not have delayed their ability to provide an opinion. Plaintiff also could have disclosed his experts and then provided a supplemental report. He also is still within his time to designate rebuttal experts to Defendants' experts." Id. at 1; see also id. at 2. Finally, defendants assert that "the late disclosure is prejudicial to Defendants, who have already disclosed their expert witnesses and reports to Plaintiff. Plaintiff now has an unfair advantage because he is armed with this information and he will presumably use it when searching for his own experts before they are disclosed." Id. at 3.

Defendants' objections are overruled. Plaintiff's counsel has adequately explained the reason for his delay in obtaining a transcript of plaintiff's deposition,[1] prepared more than three years ago. Counsel also notes that "California Govt. Code § 69954(d) prohibits the defendants from lending the transcript to Jones."[2] ECF No. 152 at 4. Although counsel's previously unsuccessful efforts in obtaining a copy of the transcript should have alerted him to the need to

---

[1] Plaintiff's counsel states, ECF No. 152 at 4:
> Upon receipt of the court's [August 21, 2018] order, Jones through his counsel requested [the] transcript of his deposition from the court reporter, Ms. Judith Boswell. He did not get a response to his request. He submitted another request on September 11, 2018. The court reporter responded on October 5, 2018. She advised Jones that she had retired and does not [] regularly check her mail hence the delay in responding to Jones' request. She provided information for procuring the transcript. Jones is indigent. His attorney advanced the cost of the transcript and mailed payment for the transcript to the court reporter on October 5 and anticipates that he will receive the transcript within two weeks.

[2] California Government Code § 69954(d) provides: "Any court, party, or person who has purchased a transcript may, without paying a further fee to the reporter, reproduce a copy or portion thereof as an exhibit pursuant to court order or rule, or for internal use, but shall not otherwise provide or sell a copy or copies to any other party or person."

2

pursue an earlier and joint request for extended time, counsel filed his request on the same day he finally spoke with the court reporter, October 5, 2018. Moreover, in light of counsel's recent appointment and pro bono status and the need of both counsel and the court to minimize costs, counsel's decision to obtain and consolidate all relevant materials before retaining expert review was prudent. Finally, the court finds defendants' alleged prejudice to be *di minimis*; moreover, any asserted prejudice may be addressed by defendants' own rebuttal witnesses.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application, ECF No. 152, to further modify the scheduling order in this case, is GRANTED.

2. The parties shall disclose all experts by **November 16, 2018**.

3. The parties may conduct expert discovery through **December 28, 2018**.

4. All other dates set forth in the Court's order of August 21, 2018, see ECF No. 146, shall remain in place, specifically, the parties shall file a Joint Pretrial Statement on or before **January 25, 2019**, that addresses each of the matters set forth in Local Rule 281(b), estimates the length of trial, and identifies all black-out dates through June 28, 2019 when either party or their counsel is unable to participate in trial.

SO ORDERED.

DATED: October 19, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE