UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HENRY A. JONES,

    Plaintiff,

v.

P. KUPPINGER, et al.,

    Defendants.

No. 2:13-cv-0451 AC P

ORDER

Plaintiff Henry Jones is a state prisoner proceeding with court-appointed counsel in this civil rights action. Trial is scheduled to begin on Monday, November 18, 2019. On November 12, 2019, the court received and docketed plaintiff's pro se motion to discharge his appointed counsel and to disqualify the undersigned judge from this action. ECF No. 194.

Plaintiff's motion to discharge his appointed counsel is denied. Last-minute motions seeking to discharge appointed counsel are strongly disfavored. See United States v. Garcia, 924 F.2d 925, 926 (9th Cir. 1991) ("We have consistently held that a district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance.").

As plaintiff has been previously informed, this court may not consider a pro se filing from a party who is represented by counsel. See United States v. Mujahid, 799 F.3d 1228, 1236 (9th Cir. 2015) (district court acted within its discretion to deny request made by pro se litigant who

1

was represented by counsel); McCullough v. Graber, 726 F.3d 1057, 1059 n.1 (9th Cir. 2013) (declining to consider pro se letters from habeas petitioner because he was represented by counsel); Rosenblum v. Campbell, 370 Fed. Appx. 782 (9th Cir. 2010) ("Because [petitioner] is represented by counsel, only counsel may submit filings."). Accordingly, the undersigned will not consider the pro se motion to disqualify herself.[1] Such a motion must be brought through counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions at ECF No. 194 are DENIED.

DATED: November 13, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978) (collecting cases)). Plaintiff's motion presents no facts that would cause a reasonable person to question the magistrate judge's impartiality. See Studley, 783 F.2d at 939. Adverse judicial rulings do not provide grounds for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). "The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (citation omitted); see also Liteky, 510 U.S. at 551 ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings. It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.")

2