UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. KUPPINGER, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-0451 AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with this civil rights action. On November 14, 2019, the court granted the request of plaintiff's appointed counsel to withdraw his representation of plaintiff and vacated the trial date. See ECF Nos. 197-99. On November 15, 2019, the court directed plaintiff and defense counsel to submit their respective black-out dates for the purpose of rescheduling trial. ECF No. 200. On November 26, 2019, plaintiff's formerly appointed counsel informed the court that he had forwarded all of his legal documents in this case to plaintiff at his regular place of incarceration, R.J. Donovan Correctional Facility. ECF No. 201. On November 27, 2019, defense counsel filed a statement identifying defendants' black-out dates. ECF No. 202.

On December 4, 2019, plaintiff filed two documents informing the court that he is still temporarily housed at California State Prison Sacramento (CSP-SAC), where he was transferred for purposes of trial. Plaintiff states that he does not have any of his legal documents and is

therefore unable to identify his black-out dates or prepare any legal responses. See ECF Nos. 203-04. Plaintiff requests an emergency transfer back to R.J. Donovan to review his legal documents and obtain previously authorized medical care and requests a "35-day extension for trial." ECF No. 204 at 2. Plaintiff states that he has refused to pursue medical care at CSP-SAC to avoid a longer incarceration there.

This court has no authority to direct the California Department of Corrections and Rehabilitation to change plaintiff's place of incarceration or expedite his return to R.J. Donovan. It is well established that prisoners have no federal constitutional right to placement in a particular facility or protection from being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 224-225 (1976).

The court construes plaintiff's filings as a request for extended time to file and serve a statement identifying any dates that he is unavailable to proceed with trial through June 2020.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for transfer, ECF No. 204, is denied.

2. On or before January 3, 2020, plaintiff shall file and serve a statement identifying any dates that he is unavailable to proceed with trial through June 2020; failure to timely file such statement will be construed to reflect plaintiff is available throughout that period and trial will be set accordingly.

IT IS SO ORDERED.

DATED: December 5, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE