UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY A. JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>P. KUPPINGER, et al.,<br><br>    Defendants. | No. 2:13-cv-0451 AC P<br><br>ORDER |

This prisoner civil rights case is scheduled for trial commencing Monday, March 30, 2020. The Final Pretrial Conference was held on February 11, 2020. See ECF No. 223 (minutes). Presently pending are three matters recently filed by plaintiff, who proceeds pro se.

First, plaintiff has filed an unauthorized "pretrial statement." See ECF No. 225 at 11. This court issued the operative Pretrial Order in this case on May 9, 2019, ECF No. 167, based on the parties' timely submitted Joint Pretrial Statement, ECF No. 165. Plaintiff's recent "pretrial statement" must therefore be disregarded. Nevertheless, plaintiff is informed that while he need not call all of the witnesses or use all of the exhibits identified in the Pretrial Order and addressed at the Final Pretrial Conference, he may not add new witnesses or exhibits at this time. Nor will the court convene a further pretrial conference.

Second, plaintiff objects to the court's "dismissal" at the Final Pretrial Conference of his medical deliberate indifference claim. ECF No. 226. No claims were dismissed at the Final

Pretrial Conference.  Rather, the undersigned reiterated that summary judgment has previously been granted to defendants on plaintiff's claim that they were deliberately indifferent to his serious mental health needs.  See ECF Nos. 111, 113.  Accordingly, the case proceeds to trial on the merits of plaintiff's claims that defendant Kuppinger used excessive force against plaintiff and that defendant Moore failed to protect plaintiff from that excessive force.  See ECF No. 113 at 2; ECF No. 167 at 1.  Accordingly, plaintiff's "objection," ECF No. 226, is overruled.[1]

Third, plaintiff moves to compel defense counsel to provide the address of plaintiff's witness, Abby Jason.  ECF No. 227.  Defense counsel has no obligation to provide contact information for plaintiff's witnesses.  To the extent if any that the witness's contact information might have been obtained by use of the tools of discovery, the discovery period in this case has long since ended.  Therefore, plaintiff's motion to compel, ECF No. 227, will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "pretrial statement" filed February 28, 2020, ECF No. 225, is disregarded;

2. Plaintiff's objection to the dismissal of his medical deliberate indifference claim, ECF No. 226, is overruled; and

3. Plaintiff's motion to compel defense counsel to provide contact information for plaintiff's witness, ECF No. 227, is denied.

SO ORDERED.

DATED: February 20, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court declines plaintiff's request to "put everything on hold" while he seeks review of his medical care claim in the Court of Appeals.  See ECF No. 226 at 3.  Pretrial rulings become appealable, subject to the usual requirements, upon entry of final judgment in the case as a whole.